## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELA M. SUDHOLT, KYHL A. SUDHOLT, KARA JONES, AND BENJAMIN JONES, INDNIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiffs,<br><br>  v.<br><br>COUNTRY MUTUAL INSURANCE COMPANY AND ITS OFFICERS AND DIRECTORS, JAMES MELVIN JACOBS, RICHARD LOUIS GUEBERT, JR., JENNIFER LYNN VANCE, MILES THORNE KILCOIN, ROBERT HAROLD BATEMAN, PHILIP TIM NELSON, BRIAN KEITH DUNCAN, RICHARD KENNETH CARROLL, LEONARD BRADLEY DAUGHERTY, ROBERT EDWIN KLEMM, JOHN LARRY MILLER, GARY ALLEN SPECKHART, MARK ROGER TUTTLE, KENNETH CHARLES CRIPE, TAMARA DEE HALTERMAN, STEVEN PATRICK KOELLER, KEITH RANDALL MUSSMAN, STEVEN RAY STALLMAN, EARL HARMON WILLIAMS, LARRY WILLIAM DALLAS, ROBERT JOHN FECHT, JEFFREY ROBERT KIRWAN, DON EUGENE MEYER, MARK FREDERICK REICHERT, KENTON LLOYD THOMAS, DENNIS WAYNE GREEN, STEVEN WILLIAM FOUREZ, DAVID LEE SERVEN, BRADLEY ALLEN TEMPLE, RANDY JOSEPH POSKIN, MICHELE RENEE AAVANG, DAVID LEE MEISS, CHAD KENNETH SCHUTZ, STEVEN GENE HOSSELTON, TROY ARNOLD UPHOFF, CHRISTOPHER BRUCE HAUSMAN, DALE BRYAN HADDEN, WAYNE ROY ANDERSON, SCOTT FRANCIS HALPIN, DENNIS LEE HUGES, ROBERT HENRY GEHRKE, JAMES ALFRED ANDERSON, CHARLES MICHAEL CAWLEY, DARRYL ROBERT BRINKMANN, J.C. POOL, AND TERRY ALLEN POPE,<br><br>        Defendants. | Case No. _____<br><br>**JURY DEMANDED** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant COUNTRY Mutual Insurance Company ("Country Mutual"), through its undersigned counsel, hereby submits this Notice of Removal of the above-captioned action from the Twentieth Judicial Circuit Court of St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois.[1] In support thereof, Country Mutual states the following:

### I.     INTRODUCTION

1. This lawsuit is a civil action within the meaning of 28 U.S.C. §§ 1441(a) and 1446(b).

2. On November 14, 2022, Plaintiffs Angela M. Sudholt, Kyhl A. Sudholt, Kara Jones and Benjamin Jones commenced this action by filing a putative class action on behalf of themselves individually (collectively "Plaintiffs") and "all others similarly situated" against Defendant Country Mutual and forty-six of Country Mutual's current and former officers and directors as individual defendants ("Individual Defendants") (collectively, with Country Mutual, the "Defendants") in the Twentieth Judicial Circuit Court of St. Clair County, Illinois, under Case Number 22-LA-0970 (the "Complaint"). A true and correct copy of the Complaint is attached hereto, and incorporated herein by reference, as **Exhibit A**.

---

[1] By removing this action to this Court, Country Mutual does not waive any defenses, objections, or motions available under state or federal law, and Country Mutual expressly reserves the right to move for dismissal of or judgment upon some or all of the claims alleged in the Complaint. Country Mutual also does not concede, in any way, that the allegations in the Complaint are accurate, that Country Mutual committed any of the violations of law alleged in the Complaint, that Plaintiffs have asserted any claims upon which relief can be granted, that certification of the proposed class is appropriate, or that recovery of any of the amounts sought is authorized or appropriate.

3. Plaintiffs allege claims against Country Mutual for breach of contract and the covenant of good faith and fair dealing (Count One), violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count Two), and unjust enrichment (Count Three), and against the Individual Defendants for breach of fiduciary duty (Count Four).[2]

## II. SUBJECT MATTER JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(d)

4. Pursuant to 28 U.S.C. § 1332(d), removal is proper under the Class Action Fairness Act ("CAFA") because United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant; and (iii) in which the matter in controversy exceeds the sum or value of $5,000,000, inclusive of interest and costs. *See* 28 U.S.C. § 1332(d). Here, all three of the CAFA prerequisites are satisfied.

**A.   The Putative Class Exceeds 100 Members.**

5. This case involves a putative class of more than 100 members. *See*, 28 U.S.C. § 1332(d)(5)(B).

6. Plaintiffs brought this action on behalf of themselves and the following putative class of "all others similarly situated":

> All Illinois citizens who, during the applicable statute of limitations period through the present, paid premiums on an insurance policy underwritten by Country Mutual

---

[2] The forty-six current and former officers of Country Mutual individually named in the Complaint as defendants are James Melvin Jacobs, Richard Louis Guebert, Jr., Jennifer Lynn Vance, Miles Thorne Kilcoin, Robert Harold Bateman, Philip Tim Nelson, Brian Keith Duncan, Richard Kenneth Carroll, Leonard Bradley Daugherty, Robert Edwin Klemm, John Larry Miller, Gary Allen Speckhart, Mark Roger Tuttle, Kenneth Charles Cripe, Tamara Dee Halterman, Steven Patrick Koeller, Keith Randall Mussman, Steven Ray Stallman, Earl Harmon Williams, Larry William Dallas, Robert John Fecht, Jeffrey Robert Kirwan, Don Eugene Meyer, Mark Frederick Reichert, Kenton Lloyd Thomas, Dennis Wayne Green, Steven William Fourez, David Lee Serven, Bradley Allen Temple, Randy Joseph Poskin, Michele Renee Aavang, David Lee Meiss, Chad Kenneth Schutz, Steven Gene Hosselton, Troy Arnold Uphoff, Christopher Bruce Hausman, Dale Bryan Hadden, Wayne Roy Anderson, Scott Francis Halpin, Dennis Lee Hughes, Robert Henry Gehrke, James Alfred Anderson, Charles Michael Cawley, Darryl Robert Brinkmann, J.C. Pool, and Terry Allen Pope.

and/or paid premiums on a participating policy issued by another Country Financial entity.

Ex. A, Compl. ¶ 235.

7. Plaintiffs allege that "[t]he Class consists of hundreds of thousands of members." Ex. A, Compl. ¶ 238.

8. Plaintiffs' assertion that their proposed class exceeds the 100-member threshold is sufficient alone to establish this element of CAFA jurisdiction. *See Walsh Chiropractic, Ltd. v. StrataCare, Inc.,* 752 F. Supp. 2d 896, 903 (S.D. Ill. 2010) (accepting plaintiff's allegation that the proposed class exceeds one hundred members as sufficient for purposes of establishing the 100 class membership requirement.); *Phillips v. Wellpoint, Inc.,* No. 10-CV-357-JPG, 2010 WL 4877718, at *2 (S.D. Ill. Nov. 23, 2010) (accepting complaint's allegation of a class exceeding 20,000 members as sufficient to establish 100-member requirement), *aff'd sub nom. Myrick v. WellPoint, Inc.,* 764 F.3d 662 (7th Cir. 2014).

9. CMIC does not dispute that the numbers of persons who fall within the definition of Plaintiffs' proposed class in the aggregate exceeds 100. *See, Karazanos v. Madison Two Associates*, 147 F.3d 624, 626 (7th Cir. 1998) ("A court may accept the uncontested, good faith allegations of jurisdictional facts.").

10. Therefore, the putative class is comprised of at least 100 members as required under CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

**B.     Minimal Diversity Between Plaintiffs and Defendants Exists.**

11. Minimal diversity is sufficiently established under CAFA where any single member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332 (d)(2)(A).

12. Minimal diversity exists in this case because at least one of the Individual Defendants named in the Complaint is a citizen of a state different from any Plaintiff. Specifically, the named Plaintiffs and the putative class members are citizens of Illinois, and Defendant Robert Harold Bateman is a citizen of Massachusetts.

13. For diversity purposes, an individual's citizenship depends on their domicile, which is "the state in which a person intends to live over the long run." *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Factors that inform domicile may include, but are not limited to, the location of an individual's real property and current residence; the state in which the individual is registered to vote; the state that issued the individual a driver's license; and the state in which the individual's motor vehicle is registered. *See, e.g., id.* (inferring domicile in Massachusetts where an individual owned a family home in Massachusetts, was registered to vote in Massachusetts, and had a Massachusetts driver's license); *see, also, Midwest Transit, Inc. v. Hicks*, 79 F. App'x 205, 208 (7th Cir. 2003).

14. As set forth in the Complaint, at the time of the filing of the Complaint through the time of this removal, Plaintiffs Angela and Kyhl Sudholt are, and have been, citizens of the State of Illinois with permanent residences in Trenton, Illinois, and Plaintiffs Kara and Benjamin Jones are citizens of the State of Illinois with permanent residences in O'Fallon, Illinois. Ex. A, Compl. ¶¶ 7–8, 10–11. Plaintiffs are therefore citizens of Illinois for diversity purposes. *See Koch v. Koch*, 450 F.3d 703, 712, n. 7 (7th Cir. 2006) (noting that "domicile is a person's legal home, the 'permanent residence of a person or the place to which he [or she] intends to return even though he [or she] may actually reside elsewhere" (quoting Black's Law Dictionary 484 (6th Ed.1990)); *see also Hassebrock v. Bernhoft*, No. 10-CV-679-WDS, 2013 WL 4008899, at *2 (S.D. Ill. Aug. 5, 2013) ("An individual is a citizen of the state in which he is *domiciled*, and domicile is 'the

place one intends to remain.'" (quoting *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2009))). Further, the putative class members identified in the Complaint are "Illinois citizens." Ex. A, Compl. ¶ 235.

15. As reflected in the Affidavit of Defendant Robert Harold Bateman, attached hereto, and incorporated herein by reference, as **Exhibit B** ("Bateman Affidavit"), at the time of the filing of the Complaint through the time of this removal, Defendant Bateman's domicile is, and has been, the State of Massachusetts. Defendant Bateman considers himself to be a resident and citizen of Massachusetts because his permanent residence is in Massachusetts, and he intends to remain in Massachusetts for the long term. Ex. B, Bateman Affidavit ¶ 8. He has been a resident of the State of Massachusetts since 2017 and continuing to the date of his Affidavit. *Id.* at ¶ 9. At all times since 2017 and continuing to the date of this Affidavit, his homestead has been located in Barnstable County, Massachusetts. *Id.* He intends to remain a resident of the State of Massachusetts for the foreseeable future. *Id.* He owns real property in Barnstable County, Massachusetts, which he purchased in 2013 and is his permanent residence that he owns with his wife. *Id.* at ¶¶ 9-10. He has been registered to vote in Massachusetts since 2017. *Id.* at ¶ 11. His only driver's license is from Massachusetts. *Id.* at ¶ 12. He owns 3 vehicles that are registered in his or his wife's name at his address in Massachusetts. *Id.* His auto insurance lists his Massachusetts residence. *Id.* His bank account is in Massachusetts and his credit cards use his Massachusetts residence as the billing address. *Id.* at ¶ 13. He is currently employed as the Chief Financial Officer of Root, Inc., a company headquartered in Columbus, Ohio. *Id.* at ¶ 14. Therefore, he spends a significant portion of his time in Ohio and he stays in an apartment in Columbus, Ohio while he is in Ohio for work. *Id.* However, his wife stays in their permanent residence in Massachusetts and second home in Arizona while he is in Ohio for work. *Id.* He also

occasionally works from his residences. *Id.* In the summer, he spends his weekends primarily in Massachusetts. He also spends most of his holidays at his home in Massachusetts. *Id.* at ¶ 15. In the winter, he and his wife also spend time at their second home in Scottsdale, Arizona. *Id.* at ¶ 16. However, when his is away, he always intends to return to Massachusetts as his permanent home. *Id.* at ¶ 17. His current long-term plan is to live and stay in Massachusetts indefinitely. *Id.* at ¶ 18. If he were to be separated from his employment in Ohio, he intends to live full-time and indefinitely in Massachusetts (except for his time in Arizona). *Id.* at ¶ 19. He does not own real property in, work in, own bank accounts in, own assets in, perform volunteer work in, or serve on boards in, Illinois. *Id.* at ¶¶ 20-23. He has no intention of owning any property or residing in Illinois now or at any time in the future. *Id.* at ¶ 24.

16. Because Plaintiffs and members of Plaintiffs' proposed class are citizens of Illinois and Defendant Bateman is a citizen of Massachusetts, the minimal-diversity requirement under CAFA is satisfied. *See id.* § 1332(d)(2)(A) (recognizing minimal diversity where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**C.    The Amount in Controversy Has Been Satisfied.**

17. The amount in controversy in this case exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

18. Country Mutual, as the removing party, must supply a "good-faith estimate" of the amount in controversy that is "plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (acknowledging "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims"). "The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id.*

19. In the Complaint, Plaintiffs allege, *inter alia*, that "[t]he essential nature of Country Mutual as a mutual insurance company is that the excess in the premiums paid over the actual cost of providing such insurance as ascertained by the premiums paid versus the liabilities, shall be returned to the policyholder." Ex. A, Compl. ¶ 89. Thus, according to Plaintiffs, "Country Mutual has a legal duty to return to its policyholders the excess of paid premiums over the cost of providing insurance coverage." *Id.* at ¶ 254. Plaintiffs contend that "[d]espite the foregoing obligations . . . Country Mutual officers and directors do not maintain and distribute Country Mutual corporate funds exclusively for the benefit of its policyholders." *Id.* at ¶ 95.

20. Plaintiffs further allege that, "if a mutual insurance company's board of directors is acting within its authority to provide policyholders with insurance coverage at cost, the board is not permitted to unreasonably retain excessive premiums." Ex. A, Compl. ¶ 130. Plaintiffs additionally assert that "Country Mutual's total surplus grew from roughly $1.6 billion in 2012 to over $3.5 billion in 2021," *id.* at ¶ 138, which Plaintiffs contend is "a surplus that is grossly excessive," *id.* at ¶ 314, and reflects that Defendants improperly used the "surplus funds to serve [Country Mutual's] own means or those of its officers and directors," *id.* at ¶ 94; *see also id.* at ¶¶ 263–65; 283–84; 295–98.

21. Thus, per the above, Plaintiffs allege that Country's total surplus has grown to over $3.5 billion in 2021. *Id*. at ¶ 138.

22. Plaintiffs further allege that, "[a]ll else being equal, an Illinois insurance company with a larger surplus will have a higher RBC ratio." *Id*. at ¶ 125. In addition, Plaintiffs allege that the average RBC "ratio in the property and casualty segment of the insurance market is roughly 6.0," and that Country's ratio has "grown to more than 12.0." *Id*. at ¶ 137.

23. According to Plaintiffs, a mutual insurance company and board of directors acting in good faith would make decisions that permit the company's RBC ratio to decline to a level closer to the industry average. *Id*. at ¶ 133.

24. Plaintiffs further allege that, to accomplish this change, "excess paid premiums" should be returned to Country policyholders. *Id*. at ¶¶ 321 and 322.

25. If all other factors affecting RBC and the amount of surplus were equal, and if Country Mutual were to decrease its RBC ratio from 12.0 to 6.0 only by distributions to policyholders as Plaintiffs request, that would require substantially more than $5 million in distributions. *See* the Affidavit of Joel Myers, at ¶ 8, attached hereto, and incorporated herein by reference, as **Exhibit C**.

26. To the extent that only distributions to Illinois policyholders are considered, the amount of distributions at issue would still be substantially more than $5 million. *See Id*. at ¶ 9. Over the past ten years, approximately fifty-five percent (55%) of the premiums paid on Country policies and policies by other allegedly affiliated entities were paid by Illinois policyholders. *See Id*. at ¶ 10.

27. Thus, although Plaintiffs have not set forth in their Complaint the specific amount of damages they claim on behalf of the class, Plaintiffs' allegations in the Complaint and request for an award of "statutory, compensatory, and punitive damages" in addition to "restitution" and injunctive relief in amounts to be proven at trial to Plaintiffs and the putative class members plainly reflects that the amount in controversy in this case exceeds $5,000,000, exclusive of interest and costs. *See* Ex. A, Compl. ¶¶ F, G, H. The value of the injunctive relief sought by the Plaintiffs must be included in the determination of the amount in controversy. *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011). So must potential punitive damages. *Id.* at 275.

28. Country Mutual does not concede that any Plaintiff or any putative class member is entitled to damages. Nor does Country Mutual concede, in any way, that the allegations in the Complaint are accurate. Country Mutual solely points to these allegations to show that the damages alleged in the Complaint exceed the $5,000,000 threshold for CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(2).

29. Accordingly, the amount in controversy requirement is met.

### III. ALL PROCEDURAL REQUIREMENTS ARE MET

30. Pursuant to 28 U.S.C. § 1453(b), consent of all defendants to this removal is not necessary. *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 . . . by any defendant without the consent of all defendants.").

31. This removal is timely filed. Country Mutual was served with process on November 29, 2022. This Notice of Removal is filed within 30 days of that date. *See* 28 U.S.C. § 1446(b)(1).

32. Venue is proper in this Court for purposes of removal. The Twentieth Judicial Circuit Court of St. Clair County, Illinois, is located within the Southern District of Illinois. 28 U.S.C. § 93(c). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

33. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Country Mutual is attached hereto, and incorporated herein by reference, as *in globo* **Exhibit D**. A true and accurate copy of the entire State Court record is attached hereto, and incorporated herein by reference, as *in globo* **Exhibit E**.

34. Although not required by CAFA, all individual defendants who have been joined and served in this action join in and consent to the removal of this action.[3] *See*, Joinder and Consent to Removal attached hereto, and incorporated herein by reference, as **Exhibit F**.

35. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

36. Country Mutual will promptly file a copy of this Notice of Removal with the Clerk of the Twentieth Judicial Circuit Court of St. Clair County, Illinois, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Country Mutual gives notice that the matter bearing civil action number 22-LA-0970 in the Twentieth Judicial Circuit Court of St. Clair County, Illinois, is respectfully removed to the United States District Court for the Southern District of Illinois.

Dated: December 22, 2022

Respectfully submitted,

COUNTRY MUTUAL INSURANCE COMPANY

By: */s/ William J. Kelly III*

One of the Attorneys for Defendant
COUNTRY Mutual Insurance Company

---

[3] The individual defendants that have been joined and served at the time of this removal are Robert John Fecht, Steven William Fourez, Richard Louis Guebert, Jr., Tamara Dee Halterman, James Melvin Jacobs, Miles Thorne Kilcoin, and Jennifer Lynn Vance.

William J. Kelly III, # 6324930 (Lead Counsel)
Chanda M. Feldkamp, # 6298854
Kelly Law Partners, LLC
501 S. Cherry Street, Suite 1100
Denver, CO 80246
Tel. (720) 236-1800
Email: wkelly@kellylawpartners.com
         cfeldkamp@kellylawpartners.com

Lisa M. Lilly, #6272614
Kelly Law Partners, LLC
332 S. Michigan Avenue, Suite 121-L483
Chicago, IL 60604
Tel. (720) 236-1804
Email: lml@kellylawpartners.com

Christopher Byron, #6230810
Byron Carlson Petri & Kalb, LLC
411 St. Louis Street
Edwardsville, IL 62025
Tel.: (618) 655-0600
Email: cwb@bcpklw.com

## **CERTIFICATE OF SERVICE**

I certify that on December 22, 2022, I filed a copy of the foregoing electronically using the CM/ECF, which will send notification to counsel of record registered for CM/ECF system. I also served a copy by electronic mail and First-Class U.S. Mail, postage prepaid to:

David Cates, #6289198
Katie E. St. John, #6340448
THE CATES LAW FIRM, LLC
216 West Pointe Drive, Suite A
Swansea, IL 62226
Telephone: (618) 277-3644
Facsimile: (618) 277-7882
dcates@cateslaw.com
kstjohn@cateslaw.com

Lynn A. Toops
Amina A. Thomas
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

J. Gerard Stranch, IV
BRANSTETTER, STRANCH & JENNINGS, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Phone: (615) 254-8801
gerards@bsjfirm.com

*Counsel for Plaintiffs and the Proposed Class*

By: */s/ William J. Kelly III*
William J. Kelly III